**IN THE UNITED STATES DISTRICT COURT**

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

SEP 0 3 2025

NATHAN OCHSNER
CLERK OF COURT

In re Petition of

**JOSEPH ANTHONY REYNA (aka JoeCat®),** individually and as Director of **Dreams Over Dollars™**, a Texas § 501(c)(3) public charity,

Petitioners,

FOR PRE-SUIT DISCOVERY UNDER FED. R. CIV. P. 27

Civil Action No. B-25-194

---

**VERIFIED RULE 27 PETITION TO PERPETUATE TESTIMONY AND PRESERVE EVIDENCE**

**I. INTRODUCTION**

Petitioners seek pre-suit discovery under Fed. R. Civ. P. 27(a) to perpetuate testimony and preserve at-risk evidence for anticipated litigation against Exxon Mobil Corporation and affiliates ("Exxon") arising from operations affecting Cameron and Willacy Counties, Texas.

Exxon's port transfers, pipeline transport, waste-handling practices, and affiliated LNG/export investments impose disproportionate burdens on predominantly Hispanic, low-income communities in the Rio Grande Valley.

This Petition does **not** seek merits relief, permit modifications, or speech restraints. It is narrowly confined to preservation and targeted production necessary to avoid spoliation of **ephemeral datasets** (SCADA logs, emissions records, inactive well statuses, PHMSA integrity records) that will otherwise vanish before a complaint can be pled with specificity.

---

## II. JURISDICTION & VENUE

**Jurisdiction.** Federal-question jurisdiction attaches under:

- **Clean Air Act** (42 U.S.C. § 7604)
- **Resource Conservation & Recovery Act** (42 U.S.C. § 6972)
- **CERCLA** (42 U.S.C. § 9601 et seq.)
- **Oil Pollution Act** (33 U.S.C. § 2701 et seq.)

with supplemental jurisdiction over Texas statutory duties (Tex. Water Code §§ 26.121, 11.086; Nat. Res. Code ch. 91) under 28 U.S.C. § 1367.

**Venue.** Proper in the Brownsville Division under 28 U.S.C. § 1391(b)(2) because Exxon's pipelines, LNG contracts, port transfers, and affiliated facilities operate in Cameron/Willacy, and harms occur here.

---

## III. PARTIES

**Joseph Anthony Reyna** — RGV-born, heir to Porciones 83 & 103 (Spanish land grants, Starr County), descendant of Daniel Reyna (CEO of Cameron-Willacy CPC; Nixon appointee, National Commission on Aging). Standing arises personally (as resident, heir, whistleblower) and organizationally (as director of a nonprofit serving Cameron/Willacy).

**Dreams Over Dollars™ (EIN 88-2187078)** — Texas 501(c)(3) focusing on youth housing, environmental justice, and cultural preservation. Harm to the RGV environment directly impairs its mission.

**Respondents** — Exxon Mobil Corporation; Exxon Mobil Pipeline Company; Exxon Mobil Foundation; and John Does 1–25 (affiliates, ESG vendors, records custodians).

---

## IV. FACTUAL BASIS

- **Air:** Brownsville–Harlingen ranked 16th worst in U.S. for $PM_{2.5}$ (ALA 2025). No continuous benzene/VOC monitors in corridor despite spill history (Valero 2017 benzene spikes 90–1,227 ppb).

- **Water/Groundwater:** Baldwin Waste-Oil and Niagara Chemical sites leaking benzene; >150 orphan wells in Cameron/Hidalgo/Starr. SB 1150 (2025) mandates integrity testing prospectively.

- **Produced Water:** HB 49 (2025) creates liability shields. Texas Supreme Court (Cactus Water Servs. v. COG, 2025) held produced water belongs to mineral owner → Exxon cannot disclaim cleanup while retaining ownership.

- **Pattern Evidence:** *Environment Texas v. Exxon* (5th Cir. 2024; SCOTUS cert denied 2025) affirmed $14.25M penalty for chronic noncompliance at Baytown. Pattern relevant, not dispositive.

- **Port Nexus:** Port of Brownsville Nov. 2, 2023 news release confirms Rio Grande LNG Phase 1 (financing $18.4B), with off-take contracts to **ExxonMobil LNG Asia Pacific**. Exhibit 1 anchors Cameron-specific nexus.

---

## V. LEGAL BASELINES (FOR NOTICE ONLY)

- **Texas Water Code § 26.121** (unauthorized discharges); **§ 11.086** (diversion flooding).

- **Coastal consistency:** CZMA/Texas CMP (31 TAC chs. 26–30).

- **Pipeline integrity:** PHMSA HCA duties (49 CFR §§ 195.450, .452).
- **OPA '90 savings clause** (33 U.S.C. § 2718): preserves state remedies; supersedes Robins Dry Dock limits.
- **Texas Constitution:** Open Courts (art. I § 13) and Conservation Amendment (art. XVI § 59).
- **Endangered Species Act:** Ocelot (Laguna Atascosa NWR corridor); Kemp's ridley sea turtle (nesting, nearshore). Federalized port projects trigger ESA § 7 consultation.
- **Human Rights/Soft Law:** UN Guiding Principles on Business & Human Rights ¶¶ 11–13; OECD Guidelines (environment chapter) — Exxon publicly claims compliance, making related discovery probative.

---

**VI. EVIDENCE AT RISK (2000–present; Cameron/Willacy only)**

1. **Pipeline/Port Nexus:** RRC tariffs, easements, Port berth/transfer/off-take contracts naming Exxon/EMPCo.
2. **Emissions & Operations:** SCADA logs, flare/LDAR records, benzene/VOC/$PM_{2.5}$ data, FRP/SPCC plans (40 CFR Part 112).

3. **Pipeline Integrity:** PHMSA HCA maps, risk models, anomaly/dig logs, 10-year history (49 CFR § 195.452).

4. **Inactive/Orphan Wells:** inventories, testing/plugging records (SB 1150).

5. **Royalties/Escheat:** unpaid proceeds, Comptroller filings (Tex. Prop. Code chs. 72, 75).

6. **Foundation/ESG:** Exxon Foundation allocations to South Texas (board minutes, grants, vs. Form 990s).

---

**VII. RETENTION MATRIX (Ex. A)**

- SCADA/flare/LDAR: auto-overwritten in 90–180 days.
- $VOC/PM_{2.5}$ logs: hourly vendor datasets, overwrite quickly.
- PHMSA IMP: quarterly updates erase prior versions.
- Inactive wells: status flips (plugged/reactivated) erase "as-was" data.
- Port contracts: quarterly novations replace terms.
- Escheat reports: annual aggregation purges detail.

---

## VIII. RELIEF REQUESTED

- **Document Production (60 days):** Cameron/Willacy-specific tariffs, contracts, permits, FRP/SPCC, IMP maps/anomalies, VOC/$PM_{2.5}$ data, inactive-well records, escheat filings, Foundation allocations.

- **Depositions on Written Questions:** Exxon Custodian of Records; Port of Brownsville Records Officer; TCEQ Region 15 monitoring director.

- **Preservation Order:** Halt deletion of SCADA, flare/LDAR, IMP, FRP/SPCC, EPCRA/TRI, NRC, inactive-well, royalty/escheat, Foundation files.

- **Custodian List (14 days):** names/titles for emissions, PHMSA, FRP/SPCC, royalty, Foundation, Port contracts.

- **Limited Monitoring (90 days):** install two benzene/VOC + two $PM_{2.5}$ monitors at port/pipeline nodes; auto-log to read-only dashboard for preservation only.

- **Protective Order:** Two-tier (Confidential/AEO); privilege log for "critical infrastructure" claims; in-camera review.

- **Judicial Notice:** Baselines listed in § V.

- **AG Notice:** Texas AG notified under Prop. Code ch. 123 (charitable trust oversight).

---

## IX. ANTICIPATED OBJECTIONS & REBUTTALS

- **"Just sue now."** → Ephemeral retention makes complaint impossible without preservation (see Ex. A).
- **"No nexus."** → Ex. 1 proves Exxon off-take contracts at Port of Brownsville.
- **"Fishing expedition."** → Requests limited by geography, time, and category.
- **"Agency preemption."** → Petition does not re-permit; seeks independent duties (Water Code, CZMA, PHMSA, OPA).
- **"Economic loss rule."** → OPA '90 preserves claims; this petition is preservation, not damages.
- **"Trade secret/security."** → Tex. Gov't Code § 552.0222 makes contract info public; otherwise AEO/in-camera.
- **"Public nuisance narrowed."** → Private nuisance + statutory duties anticipated.

---

**Exhibit X — June 13, 2025 Preservation & Resolution Letter to ExxonMobil**

**Document Type:** Email correspondence (preserved in native format, PDF print, and SHA-256 hash verified)

**Author:** Joseph Anthony Reyna (whitehat@joecattt.com)
**Recipients:**

- Kevin J. Vaughan (ExxonMobil Legal)
- J. Matsushita (ExxonMobil)
- ExxonMobil Foundation (foundation@exxonmobil.com)
- ExxonMobil Shareholder Relations (shareholderrelations@exxonmobil.com)
- Jeffrey A. Taylor (ExxonMobil Legal)

**Date:** June 13, 2025, 7:00 PM (CST)
**Subject:** *Private Resolution Opportunity – Harlingen/Brownsville Public Trust Initiative (Response Requested by June 23)*

---

**Summary of Content**

This letter notified ExxonMobil of:

1. **Intent to File Complaint**
    - Declared intent to file a verified federal complaint in W.D. Tex. on June 24, 2025, naming ExxonMobil Corporation, ExxonMobil Pipeline Company, ExxonMobil Foundation, and affiliated agents.
    - Causes of action previewed: Civil RICO, constructive trust, public nuisance, declaratory relief.
2. **Proposed Remedy**

- Creation of a $150M nonprofit-directed trust to fund a shovel-ready Harlingen/Brownsville public infrastructure project.
- Trust counsel tentatively identified as Ziliak Law (not yet engaged).
- Project scope: vertical-farm stadium, food sovereignty, STEM pipelines, ESG-branded infrastructure.

3. **Evidence & Procedural Triggers**
   - Attached letter of support from Texas State Senator Morgan LaMantia.
   - Declared the email as a **litigation preservation trigger** under Fed. R. Civ. P. 37(e) covering:
     - ESG/public messaging
     - Philanthropic disbursement records
     - Mineral activity/royalties
     - Community reinvestment claims
4. **Context & Pattern**
   - Positioned dispute as part of broader pattern: whistleblower filings (DOJ, SEC, OSHA, FinCEN), active litigation (Reyna v. USAGM), and amicus filings (Drake v. UMG, Durst v. UMG).
   - Grounded in historical exclusion from Porción 83/103 royalties and ESG redirection.
5. **Boundaries & Good Faith**
   - Requested written-only communication.
   - Framed as an "invitation," not a demand.

---

## Relevance to Petition

- **Preservation Trigger:** Explicitly invokes FRCP 37(e), bolstering spoliation arguments if Exxon failed to issue a hold.
- **Notice to Exxon:** Demonstrates Exxon had formal pre-suit notice of claims, remedies, and evidence scope.
- **Constructive Trust Context:** Shows Plaintiffs sought equitable resolution (cy-près trust) before litigation.
- **Venue/Standing:** Anchors proposed relief to Cameron County (Harlingen/Brownsville).

---

## Preservation Note

This exhibit has been preserved in full (native email, PDF copy, and hash verification). Offline copies and SHA-256 hash values are available for in-camera inspection or sealed filing.

Private Resolution Opportunity – Harlingen/Brownsville Public Trust Initiative (Response Requested by June 23)

Summarize this email

**Joseph Reyna** <whitehat@joecatti.com>
to kevin.j.vaughan, jmatsushite, foundation, shareholderrelations, Jeffrey.A.Taylor

Jun 13, 2025, 7:00 PM

**Dear ExxonMobil Legal and Foundation Leadership,**

This letter serves as formal notice of intent to file a verified federal complaint in the U.S. District Court for the Western District of Texas on **June 24, 2025**, unless a constructive resolution is reached beforehand.

The anticipated complaint will name **ExxonMobil Corporation**, **ExxonMobil Pipeline Company**, **ExxonMobil Foundation**, and affiliated agents, asserting causes of action under **Civil RICO**, **constructive trust**, **public nuisance**, and **declaratory relief**. At issue is the long-standing exclusion of heirs to **Porción 83 and 103**, and the diversion of **royalty-derived wealth and ESG representation** away from historically impacted communities in **Cameron County, Texas**—one of the most economically disadvantaged regions in the United States.

**Remedy: A Constructive Public Trust**

The proposed remedy involves the creation of a **$150 million nonprofit-directed trust**, with **Zillak Law** identified as **prospective trust counsel**, to fund a shovel-ready, equity-centered infrastructure project in **Harlingen or Brownsville**. This initiative—designed to advance *food sovereignty, STEM workforce pipelines*, and *climate-resilient systems*—was originally co-developed with **Perkins & Will**.

**While Perkins & Will met with me several years ago,** the project **stalled after initial design**. No land was secured, and no philanthropic support was disbursed to initiate construction. *Their continued support remains contingent on land confirmation and visible stakeholder alignment*—both of which were present, but unfunded.

Despite documented engagements with the **Texas Department of Agriculture, Texas A&M (Center for Global Studies, AgriLife Research, Forest Department)**, the **U.S. Embassy, SBA, USDA**, and other regional institutions, **no formal donations were ever made. Naming rights** for critical components—including the *water pavilion, innovation wing*, and *educational farm*—remain open and available.

**For clarity:** *Zillak Law and Senator Morgan LaMantia have not been briefed on this version of the proposal and are not involved in trust structuring or activation. Please do not contact them unless and until funding is secured and disbursement is imminent.*

**A Project at the Frontier of Public Benefit**

We are building the first **stadium that grows food like it's going to Mars—then sells it back to Earth.**

Inside is a *fully integrated vertical farm* modeled on **NASA life-support systems**, utilizing closed-loop water, AI-optimized lighting, and microbial waste-to-soil conversion. It feeds *families, trains astronauts, educates youth*, and licenses core *agricultural tech*.

This project sits at the intersection of three rapidly converging markets:

- **Space Agriculture**
- **Urban Food Infrastructure**
- **ESG-Branded Entertainment**

### Ready-to-Activate Opportunity

Should your team wish to evaluate feasibility, return, and regulatory posture, I am prepared to share the full proposal, independently audited projections, and a compliance-aligned revenue model. This includes:

- Technology validated by **NASA, ESA, and Wageningen**
- Market forecasts from the **$172B vertical farming sector**
- Pathways for collaboration via **USDA, NSF, and Axiom Space**
- Revenue from food production, licensing, curriculum, naming rights, and hosted events
- Carbon offset metrics and STEM education outcomes aligned to **green bond** and **grant compliance**
- ESG marketing and philanthropic practices potentially inconsistent with **FTC Act § 5 (15 U.S.C. § 45)**

**The research is complete. The prototype exists.**
**The future of food grows here.**

### Procedural and Evidentiary Safeguards

Attached is a **letter of support from Texas State Senator Morgan LaMantia**, affirming the public value of this project. She is not a party to this dispute and **should not be contacted** regarding this matter.

This communication also constitutes a **preservation trigger** under **FRCP 37(e)** for all documents, internal communications, and data related to:

- ESG strategy and public messaging
- Philanthropic disbursement and grantmaking decisions
- Regional mineral activity and royalty management
- Community reinvestment representations

The anticipated complaint complies with standards under **18 U.S.C. § 1962**, seeks equitable remedies grounded in **constructive trust doctrine** (*Texas Integrated Conveyor Systems v. Innovative Conveyor Concepts*, 300 S.W.3d 348), and invokes the court's inherent authority under **28 U.S.C. § 1651**.

### Pattern, Not Exception

This matter is not an isolated grievance. It reflects a documented and escalating pattern—evidenced by whistleblower disclosures filed with the **DOJ, SEC, OSHA, and FinCEN**; pending litigation in *Reyna v. USAGM*; and amicus filings in *Drake v. UMG* and *Durst v. UMG*.

I **was born and raised in one of the poorest ZIP codes in America**—a region overlooked by extractive economies, then excluded from the reinvestment they promised. While my nonprofit, **Dreams Over Dollars™**, was founded in Austin, its mission is rooted in **repairing what was withheld from the community that raised me.**

### Privacy, Boundaries, and Good Faith

**To preserve evidentiary integrity and in light of ongoing harassment tied to prior whistleblower activity**, I respectfully request that **all communications remain strictly in writing**. While I fully respect the need for privacy and discretion on both sides, I will not accept phone calls regarding this matter.

This is not a demand.
It is a one-time invitation—to determine how this will be remembered.

**ExxonMobil now faces a choice: remain extractive, or become a steward of reinvestment.**

I urge you to act accordingly.

Respectfully,

Joseph Reyna
**Founder / Director**
Dreams Over Dollars™ *(501(c)(3))*
Pro Se Plaintiff / Federal Whistleblower (DOJ, SEC, OSHA, FinCEN)
Email: whitehat@joecattt.com | Phone: 956-202-5580

**5 Attachments** • Scanned by Gmail



Reyna_v_ExxonM... | Letter of Support... | Reyna_Gonzalez_... | DoD Tax Exempt... | JustVertical_LOI...

## X. EXHIBIT PRESERVATION STATEMENT

Petitioners maintain additional exhibits and provenance logs offline in secure storage. All digital files are hash-verified (SHA-256). Upon Court order, Petitioners will produce under seal or for in-camera review with affidavits attesting chain-of-custody.

---

## XI. VERIFICATION

"I, Joseph Anthony Reyna, declare under penalty of perjury that the foregoing is true and correct."

Executed August 26, 2025, Cameron County, Texas.

/s/ Joseph Anthony Reyna

---

## XII. PRAYER

Petitioners respectfully request this Court enter the accompanying Proposed Order granting Rule 27 relief as stated, together with all further just and equitable relief.

## PETITIONER'S CLARIFICATION NOTE

This Petition is brought **solely under Fed. R. Civ. P. 27(a)** for pre-suit preservation. Petitioners do **not** seek to litigate liability, modify permits, or restrain operations at this stage. All requested categories are **time-boxed (2000–present), geo-limited (Cameron/Willacy), and subject to a**

**Protective Order** to prevent disclosure of legitimately confidential or security-sensitive information.

All exhibits cited have been hash-verified and preserved offline; additional exhibits can be produced **in camera** or under seal if authenticity is challenged. Petitioners acknowledge that mere inclusion of statutes, international frameworks, or soft-law principles does not impose liability; these are presented for **judicial notice and evidentiary context only**, reserving merits arguments for any later complaint.

Petitioners expressly **reserve the right to narrow or withdraw requests** if the Court deems any portion burdensome or beyond the scope of Rule 27.

---

Respectfully submitted,

/s/ Joseph Anthony Reyna

Pro Se Petitioner

5900 Balcones Dr. #16077

Austin, TX 78731

(956) 202-5580 • whitehat@joecattt.com

---

## EXHIBITS

- **Ex. 1** – Port of Brownsville News Release, Nov. 2, 2023 ("ExxonMobil LNG Asia Pacific off-take").
- **Ex. A** – Retention Matrix (category + loss risk).
- **Ex. 2** – ALA *State of the Air* 2025 (Brownsville rank).
- **Ex. 3** – HB 49 (2025) text/analysis.
- **Ex. 4** – SB 1150 (2025) text.
- **Ex. 5** – *Env't Texas v. Exxon* (5th Cir. opinion; SCOTUS cert denial).
- **Ex. 6** – CMP coastal rules (31 TAC chs. 26–30).
- **Ex. 7** – Tex. Water Code §§ 26.121, 11.086; Tex. Const. art. I § 13, art. XVI § 59.
- **Ex. 8** – FRP/SPCC index pages.
- **Ex. 9** – PHMSA IMP doc index.
- **Ex. 10** – Exxon Foundation Form 990 excerpts.
- **Ex. 11** – SHA-256 preservation log.

---

**MOTION TO PROCEED IN FORMA PAUPERIS**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**BROWNSVILLE DIVISION**

In re Petition of

**JOSEPH ANTHONY REYNA (aka JoeCat®), individually and as Director of Dreams Over Dollars™, a Texas § 501(c)(3) public charity,**

Petitioners,

FOR PRE-SUIT DISCOVERY UNDER FED. R. CIV. P. 27

Civil Action No. _________

---

**MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner **Joseph Anthony Reyna** respectfully moves this Court for leave to proceed *in forma pauperis* under **28 U.S.C. § 1915**, and states:

1. Petitioner is unemployed and currently receives SNAP benefits.

2. Petitioner's nonprofit Dreams Over Dollars™ has no budgeted litigation funds; directors serve without compensation.

3. Petitioner cannot pay the $405 filing fee without foregoing basic necessities.

4. Petitioner has filed prior federal actions under *in forma pauperis* status and remains in good standing.

Attached is Petitioner's **sworn financial affidavit** (Form AO-240 or equivalent).

**PRAYER**

Petitioner prays that this Court grant leave to proceed without prepayment of fees and costs, and for such other relief as the Court deems just.

Respectfully submitted,

/s/ Joseph Anthony Reyna

Pro Se Petitioner

---

**MOTION FOR SERVICE BY U.S. MARSHALS**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**BROWNSVILLE DIVISION**

In re Petition of

**JOSEPH ANTHONY REYNA (aka JoeCat®), individually and as Director of Dreams Over Dollars™, a Texas § 501(c)(3) public charity,**

Petitioners,

FOR PRE-SUIT DISCOVERY UNDER FED. R. CIV. P. 27

Civil Action No. _________

---

**MOTION FOR SERVICE BY U.S. MARSHALS**

Petitioner moves this Court, pursuant to **28 U.S.C. § 1915(d)** and **Fed. R. Civ. P. 4(c)(3)**, for an order directing the U.S. Marshal to serve the Petition, summons, and all accompanying orders on the Respondents:

- Exxon Mobil Corporation
- Exxon Mobil Pipeline Company
- Exxon Mobil Foundation
  **Via Registered Agent:** CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201

Petitioner is indigent, proceeding *in forma pauperis*, and cannot afford private process service.

**PRAYER**

Petitioner requests that the Clerk issue summonses (AO-440), and that the U.S. Marshals Service effectuate service using the provided **USM-285 forms**.

Respectfully submitted,

/s/ Joseph Anthony Reyna

Pro Se Petitioner

---

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2025, I served a true and correct copy of the foregoing **Rule 27 Petition, Motion to Proceed IFP, and Motion for U.S. Marshal Service** by certified U.S. Mail, return receipt requested, on:

**Exxon Mobil Corporation, Exxon Mobil Pipeline Company, Exxon Mobil Foundation**

c/o CT Corporation System

1999 Bryan Street, Suite 900

Dallas, TX 75201

/s/ Joseph Anthony Reyna

Pro Se Petitioner

**[PROPOSED] ORDER**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS – BROWNSVILLE DIVISION**

---

**ORDER GRANTING RULE 27 PETITION TO PERPETUATE TESTIMONY AND PRESERVE EVIDENCE**

Upon consideration of the Verified Petition filed by **Joseph Anthony Reyna and Dreams Over Dollars™**, the Court finds good cause exists under **Fed. R. Civ. P. 27(a)** to preserve testimony and evidence relevant to anticipated litigation.

Accordingly, IT IS ORDERED:

**1. Preservation of Records (Immediate)**

Respondents shall **suspend any deletion, overwriting, or alteration** of the following records categories:

- SCADA, flare, and LDAR data
- Facility Response Plans (FRP) and Spill Prevention, Control, and Countermeasure (SPCC) files
- Pipeline integrity management (PHMSA IMP) records, including high-consequence area assessments and anomaly/dig logs

- EPCRA and TRI reports, NRC spill logs
- Inactive-well inventories and plugging records
- Royalty and escheat filings with the Texas Comptroller
- ExxonMobil Foundation grantmaking and Port of Brownsville contracts involving Exxon affiliates

A **corporate officer** shall certify in writing within **14 days** that a litigation hold has been issued to all relevant custodians.

**2. Custodian Identification**

Within **14 days**, Respondents shall provide a list of **custodians of record** for: (i) emissions/EHS data, (ii) pipeline integrity, (iii) FRP/SPCC compliance, (iv) royalty/escheat reporting, (v) Foundation/ESG allocations, and (vi) Port/Commercial agreements.

**3. Document Production**

Within **60 days**, Respondents shall produce Cameron/Willacy-specific records from 2000 to present, limited to:

(a) Railroad Commission tariffs and easements naming Exxon/EMPCo;

(b) Port of Brownsville berth/transfer/offtake contracts;

(c) CAA/RCRA/CWA permits and exceedance reports;

(d) FRP/SPCC filings;

(e) PHMSA HCA/IMP core sets (maps, risk models, dig logs);

(f) VOC/$PM_{2.5}$ emission logs and QA/QC files;

(g) Inactive-well inventories and testing;

(h) Escheat filings;

(i) Exxon Foundation South Texas allocations.

**4. Depositions on Written Questions**

Authorized for:

- ExxonMobil Custodian of Records;
- Port of Brownsville Records Officer;
- TCEQ Region 15 monitoring lead.

**5. Monitoring (Evidence Preservation Only)**

For a period of **90 days**, Respondents shall permit installation of **two benzene/VOC monitors** and **two $PM_{2.5}$ monitors** at port/pipeline nodes within Cameron County.

- Data shall be logged to a **read-only dashboard** accessible to Petitioners and the Court.
- This monitoring is for **evidence preservation only**, and shall not be construed as a modification of permits or operational restraints.

### 6. Protective Order

A two-tier protective framework (Confidential / Attorneys' Eyes Only) shall govern produced materials.

- Any claim of security-sensitive information or trade secret shall be accompanied by a **privilege log**.
- The Court reserves authority for **in-camera review** of disputed materials.

### 7. Judicial Notice

The Court takes notice of the following statutory and constitutional provisions for evidentiary context:

- Tex. Const. art. I § 13 (Open Courts) and art. XVI § 59 (Conservation Amendment);
- Tex. Water Code §§ 26.121, 11.086;
- Coastal Zone Management Act and Texas CMP enforceable policies (31 TAC chs. 26–30);
- PHMSA pipeline integrity rules (49 C.F.R. §§ 195.450–.452);
- Oil Pollution Act savings clause (33 U.S.C. § 2718);
- ESA protections for the ocelot and Kemp's ridley sea turtle.

---

SO ORDERED.

Dated: ______________, 2025

______________________________________________

UNITED STATES DISTRICT JUDGE

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Joseph Anthony Reyna, pro se (d/b/a JOECAT®)
Dreams Over Dollars™ (501(c)(3))

**(b)** County of Residence of First Listed Plaintiff: Travis County, TX
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se — 5900 Balcones Dr. #16077, Austin, TX 78731
WhiteHat@JoeCatt.com | (956) 202-5580

## DEFENDANTS

Exxon Mobil Corporation, et al.

County of Residence of First Listed Defendant: Dallas, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☒ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 7604 (Clean Air Act citizen suit); 42 U.S.C. § 6972 (RCRA); 42 U.S.C. § 9601 et seq. (CERCLA); 33 U.S.C. § 2701 (Oil Pollution Act).

Brief description of cause:
Rule 27 Petition for pre-suit discovery to preserve emissions, pipeline, water, and ESG records affecting Cameron County.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 25,000,000

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ________ DOCKET NUMBER Environment Texas v. ExxonMobil,

DATE 08/26/25

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**Joseph Anthony Reyna**
5900 Balcones Dr. #16077
Austin, TX 78731
(956) 202-5580
whitehat@joecattt.com

**August 26, 2025**

Clerk of Court
United States District Court
Southern District of Texas – Brownsville Division
600 East Harrison Street, Suite 101
Brownsville, Texas 78520

---

**Re: In re Petition of Joseph Anthony Reyna and Dreams Over Dollars™ — Verified Petition for Pre-Suit Discovery Under Fed. R. Civ. P. 27**

Dear Clerk of Court:

Enclosed for filing is Petitioners' **Verified Rule 27 Petition to Perpetuate Testimony and Preserve Evidence** against ExxonMobil Corporation and affiliates. Petitioners seek only preservation of ephemeral, Cameron/Willacy-specific evidence in anticipation of litigation concerning environmental, charitable-trust, and public-nuisance harms.

This Petition is not a fishing expedition. It is narrowly tailored:

- **Time-boxed** (2000 to present),
- **Geo-boxed** (Cameron/Willacy facilities only), and
- **Category-boxed** (tariffs, port contracts, SCADA/flare logs, PHMSA integrity files, inactive-well records, escheat filings, and Exxon Foundation allocations).

Each category converges on Exxon's activities in Cameron/Willacy, where port, pipeline, and LNG operations impact predominantly Hispanic and low-income communities. The **retention matrix (Ex. A)** shows why these datasets risk imminent overwrite or alteration, making preservation urgent.

Petitioners assert standing not as a personal grievance but as a matter of public trust. I was born in Harlingen, Texas, and my nonprofit, Dreams Over Dollars™ (EIN 88-2187078), is established to redress inequities in the Rio Grande Valley. Under Texas law (Prop. Code ch. 123), nonprofits may seek relief where charitable-trust assets are diverted from intended communities.

To clarify context, Petitioners previously sought resolution directly. A certified demand letter sent to ExxonMobil was lost in USPS transit; Case No. [insert USPS case number] confirms this incident. As a result, this Petition ensures preservation while avoiding further delay.

For chambers' reference only (not for filing or scrutiny), I note that State Senator Morgan LaMantia provided a letter of support affirming the public value of nonprofit-led remediation projects in Cameron County. This is not offered as evidence or to implicate her office, but to demonstrate that Petitioners pursued institutional support before turning to this Court.

Finally, Petitioners ask the Court to recognize that this Petition does not seek to modify permits or adjudicate liability. Relief is limited to preservation orders, custodian lists, and narrowly scoped discovery under Rule 27. Anticipated claims rest on independent duties under federal law (Clean Air Act, RCRA, CERCLA, OPA) and Texas law (Water Code §§ 26.121, 11.086; Nat. Res. Code ch. 91), as well as constitutional baselines (Open Courts and Conservation Amendment).

---

**Note to the Court**

All referenced exhibits have been hash-verified (SHA-256). Additional exhibits are preserved offline in secure storage and can be produced under seal or for in-camera inspection. Petitioners emphasize this Petition seeks only preservation, not adjudication.

Respectfully,

/s/ Joseph Anthony Reyna
Pro Se Petitioner
Founder/Director, Dreams Over Dollars™
Trademark Holder, JOECAT® (USPTO Reg. No. 6,057,783)

Enclosures: Verified Petition + Exhibits

iDream

MUSIC LABEL

956 202 5580

UNDERCOVERSUPERHEROES.COM

Dreams Over Dollars
5900 Balcones Dr. #16077
Austin, Texas 78731

Retail

UNITED STATES POSTAL SERVICE®

78520

RDC 01 0 Lb 11.70 Oz

U.S. POSTAGE PAID
USPS Ground Advtg
BUDA, TX 78610
AUG 26, 2025

$8.65

S2324H500550-08

MAIL
United States District Court
Southern District of Texas
SEP - 3 2025
RECEIVED
Nathan Ochsner, Clerk of Court

**Clerk of Court**
United States District Court
**Southern District of Texas – Brownsville Division**
600 East Harrison Street, Suite 101
Brownsville, Texas 78520

USPS TRACKING® #

9500 1152 3798 5238 5429 22