**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOSEPH ANTHONY REYNA, "Petitioner," | § § § | |
| v. | § § | Civil Action No. 1:25-cv-00194 |
| EXXON MOBILE CORP. *et al.*, "Respondents." | § § § § | |

## ORDER

Before this Court are Petitioner's "Verified Rule 27 Petition to Perpetuate Testimony and Preserve Evidence" (Dkt. No. 1) ("Petition"), the Magistrate Judge's "Order Granting IFP Motion (Dkt. No. 2) and Report and Recommendation for Dismissal of Rule 27 Motion" (Dkt. No. 10) ("R&R"), and Petitioner's "Final Supplemental Structural Filing and Clarification" (Dkt. No. 13) ("Objections").

The Magistrate Judge recommended this Court deny the Petition because of Petitioner's failure to meet the requirements of FED. R. CIV. P. 27 ("Rule 27") and failure to state a claim under 28 U.S.C. § 1915(e)(2). Dkt. No. 10 at 6. Upon a de novo review, the Court **ADOPTS** the R&R (Dkt. No. 28) and **DISMISSES** the Petition (Dkt. No. 1).

### I.   BACKGROUND

Petitioner filed his Petition September 3, 2025, alleging "Exxon's port transfers, pipeline transport, waste-handling practices, and affiliated LNG/export investments impose disproportionate burdens on…communities in the Rio Grande Valley." Dkt. No. 1 at 2. The Petition, however, does not seek to assert claims of environmental harms; it instead seeks to "perpetuate testimony and preserve at-risk evidence for anticipated litigation" against Respondents, *id.* at 1. The Petition asks the Court to preserve a litany of evidence relating to Respondents' activities in Cameron and Willacy counties, ranging from "SCADA logs" to "testing/plugging records." *Id.* at 5-6.

On November 21, 2025, the Magistrate Judge published her R&R, in which she recommended the Court deny the Petition because 1) it fails to conform with Rule 27 and 2) since the Magistrate Judge granted Petitioner in forma pauperis status, the Court should dismiss the Petition because the claims are dismissible under 28 U.S.C. § 1915(e)(2) for lacking "a legal

1

basis." Dkt. No. 10 at 6. On December 16, 2025, Petitioner responded to the R&R in a "non-adversarial" filing, and in it, Petitioner disputed the R&R's supposed "assumptions" that the requested evidence was "archival documentary evidence." Dkt. No. 13 at 1.

## II.  LEGAL STANDARD

If a party objects to a magistrate's ruling, the district court will review that determination de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court construes Petitioner's December 16, 2025, filing (Dkt. No. 13) as objections to the R&R and thus applies this standard of review.

## III.  DISCUSSION

Upon de novo review, the Court finds no error in the R&R's ultimate conclusions.

To file a petition to perpetuate testimony, the petitioner must comply with the pleading requirements specified under Rule 27(a). Petitioner must, for instance, provide "the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses" and show "that the petitioner expects to be a party to an action…but cannot presently bring it or cause it to be brought." FED. R. CIV. P. 27(a). Failure to fulfill these requirements is "dispositive," *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981), and can be grounds for dismissal for "failure to state a claim." *See Turner v. Nationstar Mortg., LLC*, No. 3:16-CV-501-K-BH, 2016 WL 7223342, at *4 (N.D. Tex. Nov. 21, 2016), *report and recommendation adopted*, No. 3:16-CV-501-K, 2016 WL 7210883 (N.D. Tex. Dec. 13, 2016).

The Court finds that the Petition fails to fulfill the requirements under FED. R. CIV. P. 27(a) and should thus be dismissed sua sponte under 28 U.S.C. § 1915(e)(2) for "fail[ing] to state a claim on which relief may be granted." Rule 27(a) expressly requires Petitioner to explain why he cannot presently bring a claim and to detail the names and addresses of the adverse parties in the anticipated suit. FED. R. CIV. P. 27(a). The Petition does not do so, and the R&R is right to stress that failure. *See* Dkt. No. 10 at 4. Just as fatally, the Petition does not "provide 'the name, address, and expected substance of the testimony of each deponent' as required under FRCP 27(a)(1)(E)." *Id.* (quoting FED. R. CIV. P. 27(a)(1)(E)).

Because Petitioner failed to fulfill the requirements of a Rule 27(a) petition,[1] the Court finds that his Petition should be denied under 28 U.S.C. § 1915(e)(2).

---

[1] The Objections do not offer arguments on this point, and the Petition has not been amended since the R&R pointed out these fatal defects. Dkt. Nos. 1 & 13.

2

## IV. CONCLUSION

The R&R (Dkt. No. 10) is hereby **ADOPTED**. The Petition (Dkt. No. 1) is **DISMISSED** without prejudice. The Clerk of the Court is hereby **ORDERED** to close this case.

Signed on this 14th day of January, 2026.

Rolando Olvera
United States District Judge